ORDERED.

Dated:  September 23, 2016

*Catherine M. Ewen*
Catherine Peek McEwen
United States Bankruptcy Judge

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re:                                                                        Case No.: 8:15-bk-09873-CPM
                                                                                    Chapter 7
Edward Gonzalez
Helen Gonzalez

            Debtor(s).
_____/

**ORDER GRANTING MOTION TO SELL REAL PROPERTY FREE AND CLEAR OF LIENS, ENCUMBRANCES AND INTERESTS WITH CONSENT LIENHOLDER(S)**
(27301 Hollybrook Trail, Wesley Chapel, FL 33544)

THIS CASE came on for hearing on September 19, 2016 to consider Chapter 7 Trustee, Steve L. Meininger's ("Trustee") Section 363(f)(2) Motion to Sell Free and Clear of Liens, Encumbrances and Interests with Consent of Lienholder (the "Motion") (Doc. #55). Richard M. Dauval, Esq. appeared on behalf of the Trustee. Jay Passer appeared on behalf of Ditech Financial LLC f/k/a Green Tree Servicing LLC ("DiTech Financial"). The Court having reviewed the Motion, the proffers of counsel, and for the reasons stated orally and recorded in open court, which will constitute the findings of this Court, finds it appropriate to grant the Motion.  Accordingly, it is:

**ORDERED** and **ADJUDGED** as follows:

1.    The notice of the Motion and the hearing thereon is approved as proper and adequate under the circumstances.

2.    The Motion is GRANTED and the sale to Ms. Nancy Zelaya ("Buyer(s)") is

approved as the highest and best offer.

3.     The Trustee is authorized to sell the real property located at:

ALL THAT CERTAIN PARCEL OF LAND SITUATED IN COUNTY OF PASCO ON THE STATE OF FLORIDA BEING KNOWN AND DESIGNATED AS:

LOT 21, BLOCK 3, SADDLEBROOK VILLAGE WEST UNIT 2B, ACCORDING TO THE MAP OR PLAT THEREOF, RECORDED IN PLAT BOOK 43, PAGE 97 OF THE PUBLIC RECORDS OF PASCO COUNTY, FLORIDA. (the "Real Property"),

to Buyer(s) for the purchase price of $ 275,000.00 subject to the consent of the lienholder DiTech Financial.

4.     The Trustee is authorized to pay the following undisputed liens or claims at closing of the sale:

DiTech Financial (home mortgage)                             $ 251,840.00

5.     Pursuant to Section 363(f) of the Bankruptcy Code, effective upon closing, the sale of the Real Property will vest in the Buyer(s) all right, title and interest of the Debtor and the bankruptcy estate in the Real Property, free and clear of the liens, claims or interests listed below (collectively, the "Affected Interests"):

1. Edward Gonzalez, Debtor, name on deed
2. Helen Gonzalez, Debtor, name on deed
3. DiTech Financial, mortgage lienholder

6.     Unless the holders of the liens, claims or interests identified in paragraph 5 above have agreed to other treatment, or their interest have been stripped under 11 U.S.C § 506(d), their liens, claims or interests shall attach to the proceeds of the sale with the same force, effect, validity and priority that previously existed against the Real Property.

7.     This Order is and shall be effective as a determination that, upon and subject to the occurrence of the closing of the sale, all Affected Interests have been and hereby are adjudged and declared to be unconditionally released as to the Real Property.

8. The Buyer(s) have not assumed any liabilities of the Debtor(s).

9. The Trustee is authorized to execute any such releases, termination statements, assignments, consents or instruments on behalf of any third party, including the holders of any liens, claims or interests identified in paragraph 5 of this Order, that are necessary or appropriate to effectuate or consummate the sale. Moreover, the Trustee is hereby authorized to execute the purchase agreement, or other related documents that are reasonably necessary or appropriate to complete the sale, and to undertake such other actions as may be reasonably necessary or appropriate to complete the sale.

10. The Trustee, and any escrow agent upon the Trustee's written instruction, shall be authorized to make such disbursements on or after the closing of the sale as are required by the purchase agreement or order of this Court, including, but not limited to, (a) all delinquent real property taxes and outstanding post-petition real property taxes pro rated as of the closing with respect to the real property included among the purchased assets; and (b) other anticipated closing costs (estimated below):

| | |
|---|---|
| Total Sales/Brokers Commission: 6% to Century 21 Beggins, Inc. | $ 16,500.00 |
| Title Charges: | $ 2,779.00 |
| Government recording / transfer charges: | $ 3,000.00 |
| Escrow Charges: | $ 2,564.00 |
| Other / Debits (*incl. carve out to the estate*) | $ 6,565.00 |

Without further order of the court, the Trustee is authorized to pay closing costs in amounts different than the estimated amounts described above so long as they are within industry standard and do not reduce the carve out to the estate below $6,200.00.

11. Except as otherwise provided in the Motion, the Real Property shall be sold, transferred, and delivered to Buyer(s) on an "as is, where is" or "with all faults" basis.

12. Buyer(s) is/are approved as a buyer(s) in good faith in accordance with Section 363(m) of the Bankruptcy Code, and Buyer(s) shall be entitled to all protections of Section

363(m) of the Bankruptcy Code.

13. This Court retains jurisdiction to enforce and implement the terms and provisions of this Order and the purchase agreement, all amendments thereto, any waivers and consents thereunder, and each of the documents executed in connection therewith in all respects, including retaining jurisdiction to (a) compel delivery of the Real Property to the Buyer(s), (b) resolve any disputes arising under or related to the purchase agreement, and (c) resolve any disputes regarding liens, claims, or interests asserted against the Real Property.

14. The purchase agreement and any related documents or other instruments may be modified, amended or supplemented by the parties thereto, in a writing signed by both parties without further order of the Court, provided that any such modification, amendment or supplement does not have a material adverse effect on the Debtor's bankruptcy estate.

15. The 14 day stay period pursuant to Rule 6004(h) is waived and this Order shall be effective and enforceable immediately upon entry.

Attorney, Richard M. Dauval, Esq., is directed to serve a copy of this order on interested parties and file a proof of service within 3 days of entry of the order.